**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANDREI MANN<br><br>    Plaintiff,<br><br>  v.<br><br>ZLATNA DUGA D.O.O.;<br>A.A. IMOVINA D.O.O.;<br>ANDREI KARPENKO;<br>ARSEN KOMUTAEV;<br>MIKHAIL MANUKYAN;<br>SANJA BOLKOVIC aka SANJA<br>BOLKOVIĆ;<br>SANDRA SEMOLIC aka SANDRA<br>SEMOLIĆ<br><br>    Defendants | CIVIL ACTION No.<br><br><br>**VERIFIED COMPLAINT**<br>**FOR ORDERS AND DAMAGES**<br><br>**I. ACCOUNTING;**<br>**II. FRAUDULENT CONCEALMENT;**<br>**III. BREACH OF CONTRACT;**<br>**IV. MONEY HAD AND RECEIVED;**<br>**V. UNJUST ENRICHMENT;**<br>**VI. RESTITUTION;**<br>**VII. CIVIL CONSPIRACY.**<br>**VIII.  BREACH OF FIDUCIARY DUTIES.** |

**Preamble**

The present action is brought by an American investor, who has invested in two companies incorporated in Croatia, a total of about $ 1.6 million.  The American investor has become a shareholder in both Croatian companies, located in the City of Pula, Croatia, on the Adriatic Sea. Both Croatian companies have a total of about five directors.  In 2018, these Croatian companies and their directors made their responses rare, and then their responses grounded to a halt.  All efforts of the Plaintiff, American investor, to get an accounting from these defendants have proved futile, prompting the necessity of this action.  The claims in this action include accounting and damages based on fraudulent concealment, breach of contract, and seeking, in the alternative, equitable relief, e.g., unjust enrichment and restitution.  The action also seeks damages for civil conspiracy among the defendants and damages for breach of fiduciary duties.

**PARTIES.**

1.      Plaintiff ANDREI MANN (hereinafter MANN) is a resident of the Commonwealth of Massachusetts, with offices in Newton and the State of New York, having resided in the City of New York.  For over 30 years, MANN has been an entrepreneur, running several businesses, with a substantial portion of the activities in the publishing industry.  For example, one of MANN's publications exceeded a circulation of 4.5 million copies.  MANN is also an investor with investment projects in various jurisdictions internationally.   One of MANN's investment projects has included investment in two Croatian companies.

2.      Defendant ZLATNA DUGA D.O.O. (hereinafter ZLATNA) is a company registered in Croatia in 2007, Croatian TIN (taxpayer ID) 28415046278, at Valica 11, 52100 Pula, Croatia.  According to the description of the directors in the registry of businesses, ZLATNA's business is buying and selling properties and various realty projects.  MANN has a 50% stake in that company.  Other Plaintiff himself, MANN, is aware of one other investor with a 50% stake, YUSUP OSMANOV, TIN: 69140074183.

3.      Defendant A.A. IMOVINA I SERVIS D.O.O. (hereinafter IMOVINA) is a company registered in Croatia in 2007, Croatian TIN: 61151635514, at the address: Istarskih Brigada 10, 52100 Pula, Croatia.  According to the description by the directors in the registry of businesses, IMOVINA's business is trade, housebuilding, and acting as a tourist agency and travel agency.  MANN has an 18.75% stake in that company.  Other than Plaintiff himself, MANN is aware of other investors: ANDREY KARPENKO, TIN: 65771402510, ANDREY ZVEREV, TIN: 83700615757, and YUSUP OSMANOV (OSMANOV) IN: 69140074183.  MANN's investment was made equal to OSMANOV through a company SPID-INFO, namely 38.5%.  Later MANN and OSMANOV, splitting their stakes, treated their investments separately.

4.      Defendant ANDREY KARPENKO (hereinafter KARPENKO) has been a director, member, and stakeholder in ZLATNA and IMOVINA.  KARPENKO's holding is registered under TIN: 65771402510.  On information and belief, KARPENKO is a permanent resident in Croatia or holds a Croatian passport.  MANN is unaware of KARPENKO's address(es) at this time, other than the companies' office addresses in Pula, Croatia.  KARPENKO is a defendant in this action as a director, who has been or is entitled to have, control over documentation of either of the above companies, necessary for the Count I based on accounting, and Count II based on fraudulent concealment.

5.      Defendant ARSEN KOMUTAEV (hereinafter KOMUTAEV) has been, to the best of MANN's knowledge, a director and member in ZLATNA and IMOVINA.   KOMUTAEV is, on information and belief, a distant relative and a representative of investor Yusup OSMANOV, acting on his behalf in both companies.  MANN is unaware of KOMUTAEV's address(es) at this time, other than the companies' addresses in Pula, Croatia.  KOMUTAEV is a defendant in this action as a director, who has been or is entitled to have, control over documentation of either of the above companies, necessary for the Count I based on accounting and Count II based on fraudulent concealment.

6.      Defendant MIKHAIL MANUKYAN (hereinafter MANUKYAN) has been, to the best of MANN's knowledge, a director and member in IMOVINA.   MANN is aware of MANYKYAN's addresses in Cyprus: Cipra, 4040 Limassol, Flat 102, Andrea Zappa 9, Cyprus; and Μακαρίου III & Λόρδου Βύρωνος, P. LORDOS, Center Block B, Floor 2, Flat 202 Νεάπολη 3105, Λεμεσός, Κύπρος, Cyprus.  MANUKYAN is a defendant in this action as a director of IMOVINA, who has been or is entitled to have control over documentation of IMOVINA, necessary for the Count I based on accounting and Count II based on fraudulent concealment.

7.     Defendant SANJA BOLKOVIC, aka SANJA BOLKOVIĆ (hereinafter BOLKOVIC), has been a director at ZLATNA and IMOVINA.  Other than serving as a director, BOLKOVIC has worked as an interpreter and translator. MANN is aware of BOLKOVIC's address, Alde Negrija 31, 52 100 Pula, Croatia.  BOLKOVIC is a defendant in this action as a director, who has been in control documentation of both or either of the above companies, necessary for stating Count I based on accounting.

8.     Defendant SANDRA SEMOLIC aka SANDRA SEMOLIĆ (hereinafter SEMOLICH), has been the accountant at ZLATNA and IMOVINA.  SEMOLIC's name is on a series of banking records related to both companies.  MANN is unaware of the address(es) of SEMOLIC, other than the corporate addresses of the above two companies in Pula, Croatia. SEMOLIC is a defendant in this action who has been or is entitled to control documentation of either of the above companies, necessary for stating Count I based on accounting.

## JURISDICTION.

9.     This Court has jurisdiction in this action over defendants and to entertain all causes of action because the corporate Plaintiff MANN is a citizen of Massachusetts (and State of New York).  Defendants are citizens of Croatia for purposes of jurisdiction.

10.     The complaint satisfies the jurisdictional requirement of a diversity of citizenship and the statutory minimum amount of $75,000 of the claim under 28 U.S. Code §1332.  The venue is also proper because Defendants caused damages to Plaintiff while soliciting and receiving investments made from the Commonwealth of Massachusetts.  Long-arm jurisdiction over the Defendants applies in this case.

## FACTS RELEVANT TO ALL COUNTS OF CLAIMS.

11.     In or about 2007, both ZLATNA and IMOVINA were registered in Croatia in the City of Pula, on the Adriatic Coast of Croatia.

12.     The main assets of ZLATNA and IMOVINA were the rights to the land with permits for development.  Those rights were held in the companies' names by the prior owners of those rights to simplify the sale of the rights.

13.     In 2008-2010, MANN received a series of business proposals from Croatia, connected to ZLATNA and IMOVINA.  Those proposals were received through KARPENKO, who happened to be a contractor for MANN's residential house in the neighborhood of Moscow, Russia.

14.     Apart from acting as a contractor to MANN, KARPENKO, as he represented to MANN, had powerful and beneficial connections in Croatia. He was involved in the construction business in that country.

15.     KARPENKO and OSMANOV, who had a prior relationship before acquaintance with MANN, proposed MANN to participate in a construction project in Croatia.  The investments were to be channeled, in part, through Petrotek-Holding, a company registered in Moscow.

16.     In 2008-2010, the prior owners of the rights completed their complex claims among themselves to clear the rights to the titles to the land.

17.     KARPENKO and OSMANOV made representations to MANN that investments in Croatia were now safe and that they controlled the legality and safety of the proposed investments in Croatia.

18.     Additionally, MANN got similar assurances from Petrotek-Holding's principals, Viktor Islamov, Albert Kharisov, and Sergey Chernikov, whom MANN knew before.

19.     MANN also received assurances from other Petrotek-Holding's managers, namely Defendant MANYKYAN and Andrey Zverev.

20.     The business purposes of both companies were declared, for registration, to be construction, transportation, travel agencies' services.  Defendants opened the bank accounts for both companies.

21.     What was not disclosed to MANN in the course of the representations by the above persons associated with Petrotek-Holding was that they all were to benefit from MANN's investments directly.

22.     At some point, OSMANOV bought a 50% stake in ZLATNA from Petrotek-Holding.

23.     It was represented to MANN that Petrotek paid in 2008 about $3 million to purchase land in Croatia.

24.     As proposed to MANN, he was to invest and buy out half of that amount, about $1.6 million with interest, as a loan.

25.     Thereby, all investments by all participants were memorialized as personal investments of the participants in their individual capacities, regardless of the corporate structures.

26.     ZLATNA's bank account was No: 2340009-1110311460, at Privredna Banka Zagreb d.d., with the address: Zagreb, Podruznicz, Pula, Ulica Sergijevaca 11, Pula, Croatia, bank's IBAN ID: HR08 2340 0091 1103 1146 0.  The account had a local currency and Euros sub-accounts.

27.     Likewise, IMOVINA's bank account was at the same bank, No. 082340009-111 0284395 Priveredna Banka Zagreb,  with the same information on the bank, likewise having a local currency and Euros sub-accounts.

28.     MANN did due diligence research and had no concerns as to the reliability of the bank for sending investments in Croatia.  Privredna Banka Zagreb, or PBZ, established in 1966, is the second-largest bank in Croatia (after Zagrebačka Banka), owned by the Intesa Sanpaolo group of Italy. It is listed on the Zagreb Stock Exchange and is one of 24 companies included in the CROBEX share index.

29.     MANN's due diligence research showed that that bank was fully privatized in 1999. As of 2017-2018, that bank had a net income of €223 million (about $250 million), total assets about €10,047 million (about $10.5 billion); and had about 3,650 employees.  MANN was satisfied that that bank was stable, had sufficient documentation, and could be the source of detailed financial documentation concerning its clients ZLATNA and IMOVINA.

30.     MANN considered, among other things, that Croatia executed the Bilateral Investment Treaty with the USA.  It was signed on July 13, 1996, and entered into force on June 20, 2001.  That Treaty contains typical terms aimed to protect American investors in that country.

31.     By approximately 2014, OSMANOV, in concert with KARPENKO, MANUKYAN, and KOMUTAEV, became the driving force for both companies, ZLATNA and IMOVINA.  Namely, OSMANOV replaced Petrotek as the investor in these two companies.

32.     In the latest available company assets and liabilities statement of ZLATNA, for 2014, there is an entry that the debt of ZLATNA to its investors was 18,160,511.51 Croatian kunas (local currency), which is, at the current rate of exchange, about $2.8 million, plus interest.  Since MANN has a 50% stake in that entity, ZLATNA's debt to MANN is at least $1.4 million.

33.     In 2015, MANN conducted negotiations to sell his stake in ZLATNA and IMOVINA with a potential buyer, a Croatian national Jadranka Maksic, a local realtor.  Those

negotiations were not successful, given the complications with the rights to the titles to the land, coming with the ownership stakes in ZLATNA and IMOVINA.

34.     Likewise, in the latest available company assets and liabilities of IMOVINA, for 2014, there is an entry that the debt of IMOVINA to its investors was 6,316,848.19 Croatian kunas, which at the present exchange rate about $1 million, plus interest.  Since MANN has an 18.75% stake in IMOVINA, the debt of IMOVINA to MANN is in excess of $190,000.

35.     From time to time, the local directors of both companies sent out invoices for certain payments for the day-to-day business of the companies in Croatia.

36.     In 2017, MANN executed with OSMANOV a loan agreement for about $650,000. However, a loan did not mean that MANN transferred his material rights to the land held in the names of ZLATNA or IMOVINA.  That loan agreement was not officially registered or certified by any authority.

37.     Since 2018, MANN has been unable to obtain substantive information or accounting documents from ZLATNA and IMOVINA.  Furthermore, MANN's loan did not allow OSMANOV to remove MANN from control over the accounting in ZLATNA and IMOVINA.

38.     On November 4, 2019, MANN executed in New York City a Power of Attorney to German Kisselman, a Russian national, who proposed facilitating the collection of information and liquidation of the assets for MANN.

39.     After that Power of Attorney, Apostilled, was sent to Kisselman, it turned out that Kisselman became unavailable or unreachable.  MANN suspects that OSMANOV used Kisselman to deprive MANN of his interest in ZLATNA and IMOVINA. Otherwise, Kisselman's silence despite MANN's inquiries could be inexplicable.

40.     Once the COVID-19 pandemic started to spread in Europe, MANN understood that there could be delays in accounting and documentation.

41.     MANN has been able to find out from the companies' registry in Croatia that both companies are active, which eased MANN's concerns.

42.     Yet, despite the passage of time, MANN has been unable to obtain accounting documentation from either of the companies.

43.     Given the silence from the directors, MANN has made a business decision to withdraw his investment(s) from ZLATNA and IMOVINA, pulling out the assets due to him.

## COUNT I. ACCOUNTING

### (Against All Defendants).

44.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-49, with the same force as though repled again and further state as follows.

45.     As mentioned above, the indebtedness of ZLATNA to MANN, in which he has held a 50% stake, was $1.4 million and the indebtedness of IMOVINA to MANN, in which he has held an 18.75% stake, was about $190,000.  Those numbers were as of 2014, the latest time MANN could obtain those.

46.     MANN demands all and any accounting documentation from ZLATNA and IMOVINA, to the full extent allowed by the local laws and international business standards of accounting, including but not limited to: monthly bank statements from the above bank and/or other banks if applicable, from 2007 to present; shareholders' list, with all changes since registration, directors' lists, with all changes since registration till present; any other internal accounting documentation; tax returns filed with the tax & revenue service of Croatia.

47.     As mentioned above, Privredna Banka Zagreb d.d., whose clients ZLATNA and IMOVINA, have been the second-largest bank in Croatia; that bank has been stable.  All banking documentation on ZLATNA's and IMOVINA's accounts should be available at that bank, too.

48.     The above demand is made to all directors of ZLATNA and IMOVINA to the extent that they control documentation and/or have access to it.

49.     As an investor and shareholder, Plaintiff MANN is entitled to an accounting, stated against all Defendants, and other causes, below.

## COUNT II.  FRAUDULENT CONCEALMENT.

### (Against All Defendants)

50.     Plaintiffs incorporate by reference the allegations in preceding Paragraphs 1-49, with the same force as though repled again and further state as follows.

51.     From about 2017 onwards, MANN observed that it became difficult or impossible to obtain sufficient documentation from ZLATNA and IMOVINA.

52.     MANN observed that their directors, KARPENKO, KOMUTAEV, and MANUKYAN, who had been contact persons for MANN's questions to ZLATNA and IMOVINA, stopped sending documents, which they had in their capacities as directors, to account before MANN as the investor, shareholder, and one more director.  Such conduct was intentional and should be treated as fraudulent concealment.

53.     Additionally, a local director in Croatia, BOLKOVIC, aka BOLKOVIĆ, failed to produce the documentation due to MANN breaching her duty.

54.     Furthermore, the account in both entities, the local Croatian accountant, SEMOLIC, aka SEMOLIĆ, likewise failed to produce documentation to MANN that she ought to do as the accountant.

55.     Plaintiff MANN is entitled to damages for fraudulent concealment, stated against all Defendants.

### COUNT III.  BREACH OF CONTRACT.

#### (Against Zlatna and Imovina).

56.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-49 with the same force as though repled against and further states as follows.

57.     MANN's investments in the ZLATNA and IMOVINA, amounting to $1.4 million and $190,000, respectively, created a contractual relationship between the investor and the company debtors.

58.     Under that contractual relationship, ZLATNA and IMOVINA were obligated to safely and responsibly use MANN's business investments and development in Croatia and internationally.

59.     That included ZLATNA's and IMOVINA's obligation to provide accounting, pay off dividends when due, and submit documentation when requested.

60.      Plaintiff MANN is entitled to damages for breach of contract, stated against ZLATNA and IMOVINA.

### COUNT IV.  MONEY HAD AND RECEIVED.

#### (Against Defendants Zlatna and Imovina).

61.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-49, with the same force as though repled again and further state as follows.

62.     As stated above, ZLATNA and IMOVINA admitted to MANN and other investors that debts existed to the investors.  Out of that debt, MANN's entitlement to the debt of ZLATNA was about $1.4 million and the debt of IMOVINA about $190,000.  That admission of the debt

was based on MANN's contributions of capital and other payments both to ZLATNA and IMOVINA.

63.     The present Count is stated in addition or the alternative to the claims based on the contract.

64.     Plaintiff MANN is entitled to damages based on the equitable theory of money had and received.

### COUNT V.  UNJUST ENRICHMENT.

### (Against Defendants Zlatna and Imovina)

65.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-49, with the same force as though repled again and further state as follows.

66.     As stated above, ZLATNA and IMOVINA admitted to MANN and other investors that debts existed to the investors.  Out of that debt, MANN's entitlement to the debt of ZLATNA was about $1.4 million and the debt of IMOVINA about $190,000.  That admission of the debt was based on MANN's contributions of capital and other payments both to ZLATNA and IMOVINA.

67.     As stated above, on a series of occasions, neither ZLATNA nor IMOVINA failed to provide documentation required from the companies before the investors.

68.     Moreover, the directors of ZLATNA and IMOVINA stopped providing any accounting.  MANN has concluded that ZLATNA and IMOVINA, including their operators, have no intention to account for their investors' capital, dividends, or any corporate affairs.  A notation is made that at this time, MANN is unaware of the individuals who got unjustly enriched at the expense of MANN's investments.

69.     Plaintiff MANN is entitled to the cause of action based on damages for unjust enrichment against ZLATNA and IMOVINA.

### COUNT VI.  RESTITUTION

**(Against Defendants Zlatna and Imovina).**

70.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-49, with the same force as though repled again and further state as follows.

71.     As stated above, ZLATNA and IMOVINA admitted to MANN and other investors that debts existed to the investors.  Out of that debt, MANN's entitlement to the debt of ZLATNA was about $1.4 million and the debt of IMOVINA about $190,000.  That admission of the debt was based on MANN's contributions of capital and other payments both to ZLATNA and IMOVINA.

72.     As stated above, on a series of occasions, neither ZLATNA nor IMOVINA failed to provide documentation required from the companies before the investors.

73.     Moreover, the directors of ZLATNA and IMOVINA stopped providing any accounting.  MANN has concluded that ZLATNA and IMOVINA, including their operators, have no intention to account for their investors' capital, dividends, or any corporate affairs.

74.     MANN has reached a fully justified decision to demand restitution of his investments and return all money due to him.

75.     Plaintiff MANN is entitled to the cause of action based on restitution as an alternative to his other rights arising from the contractual relationship with ZLATNA and IMOVINA.

### COUNT VII.  CIVIL CONSPIRACY.

**(Against Defendants Zlatna, Imovina, A. Karpenko, A. Komutaev, M. Manukyan)**

76.     Plaintiffs incorporate by reference the allegations in preceding Paragraphs 1-49, with the same force as though repled again and further state as follows.

77.     In or about 2017, as MANN has observed, the primary contact persons at ZLATNA and IMOVINA, with whom he had communicated before, stopped responding or providing documentation to MANN.

78.     On information and belief, that civil conspiracy was orchestrated by another investor, OSMANOV, who had sufficient influence upon the business conduct of his relative KOMUTAEV, as well as KARPENKO and MANUKYAN.

79.     As a result of that civil conspiracy, its participants stopped providing to MANN the required information, documentation.  The purpose of that civil conspiracy was unlawful, namely to deprive MANN of his access to documentation and his entitlement to dividends.

80.     Plaintiff MANN is entitled to damages for civil conspiracy, stated against ZLATNA, IMOVINA, KARPENKO, KOMUTAEV, and MANUKYAN.

## COUNT VIII.  BREACH OF FIDUCIARY DUTIES.

### (Against All Defendants, except S. Semolic).

81.     Plaintiff incorporates by reference the allegations in preceding Paragraphs 1-49 with the same force as though repled against and further states as follows.

82.     MANN's investments in the ZLATNA and IMOVINA, exceeding, with interest, a total of $1.4 million and $190,000, respectively, created a contractual relationship between the investor and the company regarding dividends other terms.

83.     Under that contractual relationship, ZLATNA and IMOVINA were obligated to safely and responsively use MANN's business investments and development in Croatia and

internationally.  That included ZLATNA's and IMOVINA's obligation to provide accounting, pay off dividends when due, and submit documentation and pay dividends when warranted.

84.     Likewise, all directors of ZLATNA and IMOVINA, including KARPENKO; KOMUTAEV; MANUKYAN, and BOLKOVIC, had fiduciary obligations before the investors with a substantial stake, namely 50% and 18.75%, respectively.

85.     The directors had fiduciary obligations to provide an accounting to MANN, disclose documents concerning profits and losses, the Minutes of the Board Meetings, and other information due to the significant investor with a substantial stake.  Thereby, MANN recognizes that the accountant, SEMOLIC, had obligations of reliable, professional, detailed and truthful accounting at ZLATNA and IMOVINA, which did not rise to the level of fiduciary obligations individual investors.

86.     Plaintiff MANN is entitled to damages for breach of fiduciary duties, stated against all Defendants, except SEMOLIC.

**WHEREFORE**, Plaintiff MANN prays for the relief in this action, as follows:

- Orders of accounting for MANN's investments, allowed by local law and international business standards to the full extent.

- Damages of at least $2 million, inclusive interest, and/or to the full extent of the applicable law, on all Counts for which damages are sought.

- In the alternative, restitution of all investments made by MANN.

- To the extent allowed by the applicable law, punitive and/or exemplary damages relating to fraudulent concealment, civil conspiracy, and breach of fiduciary duties claims.

- Such other and further relief as the Court will find just and fair.

- Attorney's fees and costs, to the extent allowed by the applicable Federal Rules of Civil Procedure.

Dated: November 19, 2021.   Respectfully submitted,


_____/signed George Lambert/
George Lambert, Esq.
MA bar #568769
100 Cambridge Street, 14th Floor
Boston, MA 02114
Tel. (617) 925 7500, fax (800) 852 1950
Email: Lawoffice2279@gmail.com
Attorney for Plaintiff Andrei MANN


## VERIFICATION

I, ANDREI MANN, Plaintiff in the present action, state and declare that to the best of my knowledge, the factual allegations stated herein are true and correct.

Andrei Mann

Andrei MANN,

date: November 19 2021